**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOEL ANIBAL BORRERO CONTRERAS, *Petitioner* | § | |
| | § | |
| v. | § | Case No. SA-26-CV-07216-XR |
| | § | |
| WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*, *Respondents* | § | |

**<u>ORDER DISMISSING PETITION FOR HABEAS CORPUS</u>**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging Petitioner's detention without a bond pending resolution of Petitioner's immigration proceedings. *See* ECF No. 1. This is one of more than 700 habeas corpus petitions pending before the Undersigned seeking release from immigration custody during removal proceedings.[1]

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Cf. Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) (applying the Habeas Rules to an immigration habeas case under 28 U.S.C. § 2241).

[1] If, since initiating this action, Petitioner has become subject to a final order of removal or been removed from the country or otherwise released from custody, of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

Recent rulings from the Fifth Circuit foreclose Petitioner's statutory and due process challenges to mandatory detention without bond. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that applicants for admission are subject to mandatory detention under the INA during the pendency of their removal proceedings, whether they are detained at the border or in the interior of the country. 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States.").[2]

Eight months later, in *Rodriguez v. Vergara*, the full Fifth Circuit held that such mandatory detentions do not violate such applicants' due process. --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). Thus, neither the fact nor length of detention without a bond hearing constitutes a due process violation, "so long as removal remains a viable prospect" and delay is not used "as a means of punishment." *Id.* at *13–14. Once a noncitizen has completed removal proceedings and is subject to an administratively final order of removal, they may only

[2] *Buenrostro-Mendez* forecloses any challenges to detention under the Administrative Procedure Act ("APA") and *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). Because the statute controls, there is no unlawful agency action to review. *See* 5 U.S.C. § 706(2) (a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law"); *see also Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a request for habeas relief "unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).

Any ancillary challenges arising from the circumstances of Petitioner's arrest, purported deficiencies in Petitioner's immigration proceedings, or conditions of Petitioner's detention—under, e.g., the Fourth,[3] Fifth,[4] Sixth,[5] or Eighth Amendments[6]—must be dismissed because they are not properly brought under habeas. "[H]abeas is not available to review questions unrelated to the cause of detention." *Francois v. Garcia*, 509 F. Supp. 3d 668, 671 (S.D. Tex. 2020) (quoting *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)); *see also id.* (noting that habeas is "not a panacea for all imprisonment-related claims"). The "sole function" of habeas is "to grant relief from unlawful . . . custody, and it cannot be used properly for other purposes." *Id.*

Finally, any argument that the subject detention violates the Suspension Clause, U.S. Const., art. I, § 9, cl. 2, fails because this Court and courts across the country have ruled and continue to rule on habeas corpus petitions filed by petitioners being detained during their removal

[3] "[A]n illegal arrest has no bearing on the legality of detention *following* that arrest." *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *3 (S.D. Tex. Apr. 8, 2026). The typical remedy for a Fourth Amendment violation is the exclusion of evidence, not release from custody. *United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018) (citation omitted). Because "[t]he 'body' or identity" of the respondent "is never itself suppressible as a fruit of an unlawful arrest," the legality of an arrest has no bearing on the legality of detention during removal proceedings." *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 n.22 (W.D. Tex. May 4, 2026) (quoting *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984)).

[4] *See Foster v. Townsley*, 243 F.3d 210, 214–15 (5th Cir. 2001) (holding that the plaintiff's "claims of excessive force, denial of due process, denial of equal protection and retaliation" all arose from INS agents' decision to execute his removal order and were barred under 8 U.S.C. § 1252(g)); *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) ("Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings.").

[5] "[A]n alien has no Sixth Amendment right to effective counsel during removal proceedings," *Rodriguez–Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam), because "removal proceedings are 'civil, not criminal in nature.'" *Gonzalez–Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)).

[6] Even if a petitioner's allegations of mistreatment amounted to cruel and unusual punishment in violation of Eighth Amendment, the proper remedy would not be release (under habeas) but an order enjoining the unconstitutional conditions. *See Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

proceedings. That courts may deny relief on the merits does not mean that the writ has been suspended.

The Fifth Circuit appears to have foreclosed all recognized avenues of habeas relief for detainees in ongoing immigration proceedings. *Rodriguez* theoretically left open the possibility that such noncitizens could challenge their detention as unreasonably *prolonged*:

> To be clear, we do not dismiss the idea that distinct due process questions might arise if Petitioners' detention no longer served its immigration purpose or if Petitioners' removal proceedings were used as a façade "to incarcerate [them] for other reasons." We do not address those questions here, however. Petitioners have not challenged the duration of their detention as unconstitutional[.]

2026 WL 3181188, at *13 (citations omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and citing *Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024) (suggesting that excessive delay in removal proceedings could violate detainees' due process rights)).

Neither the Fifth Circuit nor the Supreme Court has explicitly recognized an as-applied claim for "prolonged detention" during ongoing immigration proceedings, however. *Cf. Zadvydas*, 533 U.S. at 701 (recognizing that a *post*-removal order detention may not continue indefinitely). Nor has their dicta offered much guidance on how a petitioner might establish such a claim. For example, *Rodriguez* found that "the duration of [the p]etitioners' pre-removal detention [of up to three months] presented no constitutional defects justifying habeas relief." 2026 WL 3181188, at *12–13. And the Supreme Court has rejected courts' attempts to identify a presumptively reasonable amount of time for pre-removal mandatory detention. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018). In other words, it is unclear at what point—if ever—the Fifth Circuit would conclude that removal proceedings had become so prolonged that mandatory detention no longer

served an immigration purpose or what evidence would be required to demonstrate that the proceedings were a "façade" to incarcerate a petitioner for "other" reasons.

The precise contours of such a claim may become irrelevant in the coming months if the Supreme Court—like the vast majority of district and circuit courts to consider the question[7]—concludes as a matter of statutory interpretation that 8 U.S.C. § 1225(b)(2)(A) does *not* subject all "applicants for admission" to mandatory detention during their immigration proceedings.

For now, because it plainly appears from the face of the Petition that Petitioner is not entitled to relief, the Petition for Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** without service on Respondents pursuant to Habeas Rule 4. All pending motions are **DENIED AS MOOT.**

The Clerk is **DIRECTED** to **CLOSE** this case. The Clerk is **FURTHER DIRECTED** to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

It is so **ORDERED**.

**SIGNED** this November 19, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

[7] Other than the Fifth and Eighth Circuits, every circuit court to consider the question has rejected the Government's novel interpretation of 8 U.S.C. § 1225(b)(2)(A). Compare *Buenrostro-Mendez*, 166 F.4th at 500, and *Avila v. Bondi*, 170 F.4th 1128, 1132–36 (8th Cir. 2026) with *Guerrero Orellana v. Moniz*, 188 F.4th 1, 29 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026), *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, —– U.S. ——, 2026 WL 2942994 (U.S. Oct. 1, 2026); *Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287, 308–08 (3d Cir. 2026); *Lopez Garcia v. Guadian*, 190 F.4th 305, 335–35 (4th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 735 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 931 (7th Cir. 2026); *Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, —– F.4th——, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 (10th Cir. 2026); and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1285 (11th Cir. 2026). As of February 2026, over 90% of district courts in the country had rejected the Government's interpretation of the statute. *See Barbosa da Cunha*, 175 F.4th at 71. The Supreme Court will hear the question this term.